DANIEL G. BOGDEN
United States Attorney
District of Nevada

LINDSY M. ROBERTS
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: lindsy.roberts@usdoj.gov

*Attorneys for the United States.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILMA THOMPSON, | ) |
| Plaintiff, | ) Case No: 2:16-cv-01533-GMN-VCF |
| v. | ) **ORDER GRANTING** |
| LORETTA LYNCH, | ) **MOTION FOR EXCEPTION** |
|  | ) **TO EARLY NEUTRAL EVALUATION** |
| Defendant. | ) **ATTENDANCE REQUIREMENT** |

An early neutral evaluation ("ENE") session in this matter is scheduled for March 2, 2017 at 9:30 a.m. before U.S. Magistrate Judge Nancy J. Koppe (ECF No. 8). The Order scheduling the ENE provides that certain individuals are required to be present in person for the duration of the ENE session, including "3. All individual parties; 4. In the case of non-individual parties, an officer or representative <u>with binding authority to settle this matter up to the full amount of the claim</u>." (ECF No. 8 at 1:25-2:1).

The Order further provides:

> **Any request for an exception to the above attendance requirements must be filed and served on all parties within 14 days of the issuance of this order. Requests for an exception must be supported by a compelling justification for an exception. Counsel of record, individual parties, a fully-authorized representative, and a fully-authorized insurance representative shall appear in person unless the court enters an order granting a request for exception.**

ECF No. 8 at 2:5-9.

1

For the reasons set forth below, Federal Defendant respectfully moves for an order excepting the United States from the requirements of the Order requiring that individual parties (here, Attorney General Loretta Lynch, sued in her official capacity) and an officer or representative with binding authority to settle the claim up to the full amount of the claim be physically present at the ENE. Federal Defendant requests that the Court authorize Assistant United States Attorney Lindsy Roberts to attend and participate in the ENE session in person, and for permission to have agency counsel from the United States Marshals Service, located in Washington, D.C., participate by telephone. This Motion is filed within 14 days of the issuance of the Order and, as set forth fully below, is supported by a compelling justification for an exception from the Order.

## ARGUMENT

The United States Supreme Court has noted that the federal government is unlike any other litigant:

> We have long recognized that the Government is not in a position identical to that of a private litigant, both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates. It is not open to serious dispute that the government is a party to a far greater number of cases on a nationwide basis than even the most litigious private entity.

*United States v. Mendoza*, 464 U.S. 154, 159 (1984) (internal citation omitted).

Because the Government handles a very large number of cases, it would be impractical, if not physically impossible, for those with settlement authority for the full claim amount to prepare for and appear at all settlement conferences. *United States v. U.S. Dist. Court for the Northern Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012) (district court abused its discretion in ordering a Government representative with full settlement authority to appear in person for an initial settlement conference). The Advisory Committee notes that accompany the 1993 amendments to Federal Rule of Civil Procedure 16 acknowledge the unique position of the Government in that regard: "Particularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." *Id*. at 1060.

2

The Government delegates settlement authority to select individuals in order to promote centralized decision-making. *Id*. at 1059. Centralized decision-making promotes three important Government objectives: (1) it allows the Government to act consistently in important cases; (2) it allows the executive branch to pursue policy goals more effectively by placing ultimate authority in the hands of a few officials; and (3) by giving authority to high-ranking officials, centralized decision-making better promotes political accountability. *Id*. at 1060 (quoting *In re Stone,* 986 F.2d 898, 904 (5th Cir. 1993)).

In light of those principles, the Ninth Circuit has determined that the courts should adopt a "practical approach" in deciding whether to require a Government representative with full settlement authority to attend a pretrial conference. *Id*. at 1061. In the Ninth Circuit's view, the courts should consider less drastic steps, such as telephonic participation, before requiring in-person participation. *Id*. Only as a "last resort" should the District Court require an official with full settlement authority to participate in a pretrial conference in person. *Id*.

The ultimate authority to settle this case rests with the client agency and the United States Attorney, the Civil Division Chief, or higher ranking officials within the Department of Justice ("DOJ"), depending on whether the client agency and DOJ officials agree with the proposed resolution. 28 C.F.R. § 0.168(a). It is simply not feasible, however, for these officials to attend each and every settlement conference. Moreover, Assistant United States Attorneys routinely participate in settlement conferences in this district as sole settlement representatives for the Government. In fact, the Government has utilized this approach with much success for many years and, as a result, hundreds of cases involving the United States have settled.

///
///
///
///
///
///
///

Accordingly, Federal Defendant respectfully requests that the Court authorize Assistant United States Attorney Roberts to participate in the settlement conference in person and allow agency counsel to be available by telephone during the ENE, rather than appearing in person. AUSA Roberts will have consulted with appropriate agency representatives and DOJ officials before the ENE to obtain appropriate settlement authority.

Respectfully submitted this 29th day of December 2016.

DANIEL G. BOGDEN
United States Attorney

 /s/ Lindsy M Roberts
LINDSY M. ROBERTS
Assistant United States Attorney

IT IS SO ORDERED.

_____
NANCY J. KOPPE
United States Magistrate Judge

DATED: December 29, 2016