DANIEL G. BOGDEN
United States Attorney
District of Nevada

LINDSY M. ROBERTS
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: lindsy.roberts@usdoj.gov

*Attorneys for the United States.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILMA THOMPSON, | ) |
| Plaintiff, | ) Case No: 2:16-cv-01533-GMN-VCF |
| v. | ) **STIPULATED PROTECTIVE ORDER** |
| DANA J. BOENTE[1], | ) |
| Defendant. | ) |

Plaintiff and Federal Defendant, through their undersigned counsel, stipulate and request the entry of a protective order as stated herein. This is an action brought under Title VII of the Civil Rights Act of 1964. The parties anticipate that because of the nature of this action discovery will include information maintained by Federal Defendant that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, and otherwise subject to protection from disclosure. This Order shall be considered an order allowing for disclosure pursuant to 5 U.S.C. § 552a(b)(11).

---

[1] Loretta Lynch resigned as United States Attorney General on January 20, 2017. Pursuant to Fed. R. Civ. P. 25(d), Acting United States Attorney General Dana J. Boente is substituted for Loretta Lynch until a successor is confirmed by the United States Senate. No further action need be taken to continue this suit.

Through this protective order, the parties seek to address the handling of confidential information including, but not limited to, records and information protected by the Privacy Act. In order to permit the parties to discover and disclose to each other such confidential information as is relevant to this case, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate and consent to the following:

1. The United States is authorized to release to other parties in this case records and information otherwise protected by the Privacy Act without obtaining prior written consent of the individual(s) to whom such records pertain, provided that such information is reasonably related to this litigation. Nothing in the protective order is intended to limit or preclude in any way the United States' existing rights to access and review documents containing Privacy Act information.

2. Whenever counsel for any party believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed personnel, training, medical, and/or other records that are likely to contain confidential information including, but not limited to, records and information protected by the Privacy Act or the Health Insurance Portability and Protection Act, the following procedures shall be followed:

    a. Counsel for the party producing records containing confidential information shall designate the information as subject to this order by letter and by marking documents containing such information with the notation "CONFIDENTIAL." Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the protective order.

    b. The right of access to all records designated "CONFIDENTIAL" under this order (unless the parties have agreed otherwise or the Court enters a separate order permitting disclosure) shall be limited to the parties, counsel for the parties, consultants, and expert witnesses, as well as staff in their employ with a need for access in order for each party to prosecute or defend this action including, but not limited to, paralegals, legal assistants, and nurses, and any other persons mutually authorized by all counsel to examine such materials. Any person having access to information subject to this order shall be informed that it is confidential

1  and subject to a protective (non-disclosure) order of the Court.

2        c.      Except as provided herein, no person having access to records designated as
3  subject to this order shall reveal to any person not named in paragraph 2(b) any information
4  contained in such material without further order of the Court or stipulation of the parties.

5        d.      When a CONFIDENTIAL record is marked as an exhibit, or otherwise used
6  during questioning at a deposition, counsel shall inform the court reporter and witness of the
7  CONFIDENTIAL designation, and the document and applicable portions of the deposition
8  transcript shall be treated as CONFIDENTIAL in accordance with the terms of this order.

9        e.      CONFIDENTIAL records shall be filed, if at all, under seal, subject to and in
10 accordance with, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and
11 this Court's CM/ECF filing procedures for sealed materials.

12       g.      If a party disagrees with another party's designation of material as
13 CONFIDENTIAL, and if the parties are unable to resolve the disagreement, the party opposing
14 the designation may seek an order from the Court removing the disputed material from the
15 protection of this protective order. Until any such disagreement is adjudicated, the party in
16 receipt of CONFIDENTIAL materials shall treat the records and information as
17 CONFIDENTIAL in accordance with the terms of this order.

18       h.      Within forty-five (45) days of the conclusion of all trial and appellate
19 proceedings in this case, counsel for the receiving party shall either return to counsel for the
20 producing party all documents and copies of documents designated as "CONFIDENTIAL"
21 under this order or certify that such documents and copies have been destroyed.

22       i.      This order is without prejudice to the rights of any party to introduce, or object to
23 the introduction, into evidence at trial or during summary judgment proceedings any materials
24 that are subject to this order.

25 ///
26 ///
27 ///
28 ///

j. This order is without prejudice to the rights of any party to make any objections to discovery requests as permitted by the Federal Rules of Civil Procedure, statute or other authority.

Respectfully submitted this 2nd day of February 2017.

| | |
|---|---|
| LAW OFFICE OF RICHARD SEGERBLOM, LTD | DANIEL G. BOGDEN<br>United States Attorney |
| */s/ Richard Segerblom*<br>RICHARD SEGERBLOM, Esq.<br>704 S. Ninth Street<br>Las Vegas, Nevada 89101<br>*Attorney for Plaintiff* | */s/ Lindsy M. Roberts*<br>LINDSY M. ROBERTS<br>Assistant United States Attorney<br>*Attorneys for Federal Defendant* |

IT IS SO ORDERED:

~~UNITED STATES DISTRICT JUDGE~~
UNITED STATES MAGISTRATE JUDGE

DATED: 2-3-2017